IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AQUINO ANDERS, on behalf of herself and others similarly-situated,** | § § § | |
| *Plaintiff,* | § § | **CIVIL ACTION NO. 4:17-cv-00453** |
| v. | § § | **JURY TRIAL REQUESTED** |
| **KASHMIR ROAD LINES, LLC** | § § § | |
| *Defendant.* | § § § | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff AQUINO ANDERS (hereinafter "Plaintiff"), by and through her counsel, for her Complaint against Defendant KASHMIR ROAD LINES, LLC (hereinafter "Defendant"), seeks to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby states and alleges as follows:

### I.   INTRODUCTION

1.   This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter the "FLSA") by Plaintiff AQUINO ANDERS, on behalf of herself and all others similarly-situated, who were formerly or are currently employed as store clerks (hereinafter collectively referred to as "Store Clerks") by Defendant. *See* 29 U.S.C. § 216(b).

2.   Defendant required and/or permitted Plaintiff and the other Store Clerks to work in excess of forty (40) hours per week. Defendant required and/or permitted Plaintiff and the other Store Clerks to work in excess of forty (40) hours per week without compensation for all such hours worked. This resulted in unpaid overtime hours worked by Plaintiff and the other

Store Clerks. Defendant refused to properly compensate the Store Clerks for their overtime hours worked. Such conduct by Defendant was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work. *See* 29 U.S.C. § 207(a).

3. As a result of such violations of the FLSA by Defendant, Plaintiff brings this action seeking legal and equitable relief provided under the FLSA.

## II. JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337.

5. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)(1) because Defendant maintains offices in the Southern District of Texas and is thus deemed to reside within this District.

## III. THE PARTIES

6. Plaintiff AQUINO ANDERS was at all material times a store clerk employed by Defendant. She presently resides in Harris County, Texas and has been a resident of Harris County, Texas during all material times. Plaintiff worked for Defendant as a store clerk. Plaintiff was, at all material times, a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. §§ 203(e), (g).

7. Defendant KASHMIR ROAD LINES, LLC ("Defendant") is a Texas limited liability company with its principal office located in Houston, Texas and doing business in Texas. Defendant can be served with process by serving its registered agent, Gurdeep Singh, at 13002 Brayton Ct, Houston, Texas 77065, or wherever he may be found.

## IV. COVERAGE

8. Defendant transacts business in Texas.

9. At all material times, Defendant has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

11. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

12. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

13. At all material times, Plaintiff and potential opt-in plaintiffs were individual employees engaged in commerce or in the production of goods for commerce as required by the FLSA, 29 U.S.C. §§ 206, 207.

## V. GENERAL FACTUAL ALLEGATIONS

14. Defendant owns and operates gas stations, convenience stores, and a connected Subway franchise in Houston, Texas.

15. Plaintiff, at all material times, worked for Defendant as a store clerk, in which capacity Plaintiff interacted with customers, sold fuel, food, drinks, and other merchandise, operated the cash register and processed credit card transactions, and cleaned and maintained the store.

16. Defendant employs a number of Store Clerks to run its gas stations, convenience stores, and Subway franchise, which is located within the store at which Plaintiff worked.

17. Defendant sets the work schedules, directs the work duties, and determines the pay of all of the Store Clerks.

18. Defendant does not accurately track the time worked by its Store Clerks when they start their shifts early or end their shifts late. Instead, Defendant rounds to the next or previous full hour to determine the hours worked by Store Clerks, resulting in off-the-clock time worked.

19. Additionally, Defendant compensates its Store Clerks for on-the-clock hours worked in excess of forty within a week at their regular hourly rate. Defendant does not compensate its Store Clerks for overtime hours worked at a rate of at least one-and-one-half times their regular hourly rate.

20. Defendant has had a policy and practice of not correctly compensating its Store Clerks for work performed for the benefit of Defendant over and above forty (40) hours per week.

21. Plaintiff and potential opt-in plaintiffs were regularly required and/or permitted to work more than 40 hours per week without proper compensation for overtime hours as mandated by the FLSA and are entitled to damages for the period beginning three (3) years prior to filing this Complaint and continuing (hereinafter the "Liability Period").

## VI. COLLECTIVE ACTION ALLEGATIONS

22. Paragraphs 1-20 are incorporated herein as if set forth in full.

23. Plaintiff (the "Collective Action Representative") brings this FLSA claim, as an "opt-in" collective action pursuant to 90 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as representative of all similarly-situated former and current employees of the Defendant. The potential class of "opt-in" employees can be defined as:

> ***All store clerks currently or formerly employed by Defendant, who were paid under a compensation system where they were not compensated at the rate of time and one-half their regular rate for all hours worked over forty (40) in a given workweek.***

24. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

25. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, the following: (1) Defendant's practice of requiring employees to work overtime hours without proper compensation; (2) Defendant's practice of failing to accurately record the time worked by its employees; and (3) Defendant's failure to pay employees overtime compensation.

26. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

27. Potential Collective Action members may be informed of the pendency of this collective action through direct mail and office posting. Plaintiff believes current and former employees of the Defendant may have been affected.

28. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    (a)    Whether Plaintiffs were compensated for all hours worked;

    (b)    Whether Plaintiffs worked more than forty (40) hours per week;

    (c)    Whether Plaintiffs were compensated at time-and-one-half their "regular rate" for all hours worked over forty in any and all weeks;

    (d)    Whether Defendant's practices accurately account for the time Plaintiffs actually were working;

(e) Whether Defendant's compensation policy and practice is illegal; and

(f) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for overtime.

29. The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

30. The Collective Action Representative's claims are typical of those of the similarly-situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative.

31. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the similarly-situated current and former employees. The presentation of separate actions by individual similarly-situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of collective action members to protect their interests.

32. The Collective Action Representative is an adequate representative of similarly-situated current and former employees because she was an employee of the same entity and her interests do not conflict with the interests of the other similarly-situated current and former employees she seeks to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and her undersigned counsel. Furthermore, employees are interchangeable as production needs dictate and, as a result, they are all similar regardless of title or supervisor.

33. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications. On the other hand, a single collective action can determine, with judicial economy, the rights of all collective action members.

### VII. COUNT I
### (Violation of FLSA, 29 U.S.C. § 207(a))

34. Paragraphs 1-32 are incorporated herein as if set forth in full.

35. At all material times, Plaintiff and all persons similarly-situated were employees of Defendant.

36. At all material times, Defendant required and/or permitted Plaintiff and all persons similarly situated to work in excess of forty (40) hours per week, but refused to compensate them for all such hours.

37. Such conduct by Defendant was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

38. Accordingly, Plaintiff and all persons similarly-situated have been deprived overtime compensation in amounts to be determined at trial.

39. Further, Plaintiff and all persons similarly-situated are entitled to recovery of such amounts in addition to liquidated damages, including without limitation costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for monetary, injunctive, and declaratory relief as follows:

(a) at the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly-situated current and former employees of Defendant, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive proper overtime compensation for hours worked in excess of forty (40) in a week;

(b) issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated employees damages in the form of reimbursement for unpaid premium overtime wages (past and future) for all time spent in excess of forty (40) hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

(c) issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtimes wages owed to them;

(d) issue an Order directing Defendant to reimburse Plaintiff and other similarly-situated employees for the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest; and

(e) issue an Order declaring Defendant's overtime practices to be illegal and directing Defendant to comply with the FLSA;

(f) issue an order for injunctive relief ordering the Defendant to end all of the illegal wage practices alleged herein pursuant to the FLSA; and

(g) provide Plaintiff with such other and further relief as the Court deems just and proper.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.

Respectfully submitted,

By: _/s/Charles W. Branham, III_
Charles W. Branham, III
Texas Bar No. 24012323
Corinna Chandler (of counsel)
Texas Bar No. 24061272
DEAN OMAR & BRANHAM, LLP
3900 Elm Street
Dallas, Texas 75226
214-722-5990
214-722-5991 (fax)
tbranham@dobllp.com
cchandler@dobllp.com

**ATTORNEYS FOR PLAINTIFF**