United States District Court
Southern District of Texas
**ENTERED**
December 18, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AQUINO ANDERS, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION H-17-453 |
| KASHMIR ROAD LINES, LLC, | § § § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Aquino Anders's motion for default judgment against defendant Kashmir Road Lines, LLC ("Kashmir"). Dkt. 8. Kashmir has not responded to the motion. Having considered the motion and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

Anders seeks to recover $6,939.21 plus interest for Kashmir's violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a).[1] Dkt. 1 at 1–2; Dkt. 8 at 1–3. Anders worked as a store clerk for Kashmir, a company that owns and operates gas stations, and convenience stores in Houston, Texas. Dkt. 1 at 1, 3. There, Anders interacted with customers, sold merchandise (including fuel, food, and drinks), operated the cash register, processed credit card transactions, and maintained the store. *Id.* at 3.

Kashmir set Anders's schedule, duties, and pay. *Id.* Kashmir paid her eight dollars per hour. Dkt. 8, Ex. E at 1. On average, Anders worked 9.36 hours per day. *Id.* at 4. When Anders started

---

[1] Anders brought her complaint as a collective action. Dkt. 1 at 1. However, her motion for default judgment only requests relief for herself. Dkt. 8 at 1–3. Accordingly, the court will only address Anders's individual request for relief.

her shifts early or ended her shifts late, Kashmir rounded to the next previous full hour to determine hours worked. Dkt. 1 at 3. As a result, Anders was not compensated accurately. *Id.*

Further, when Anders worked overtime (in excess of forty hours in a week), Kashmir paid her for those hours at eight dollars per hour instead of an overtime rate of twelve dollars per hour (at least one-and-a-half times the hourly rate). Dkt. 1 at 4; Dkt. 8, Ex. E.

On February 13, 2017, Anders sued Kashmir for violating the FLSA's overtime provisions. Dkt. 1. A summons was issued on the same day. Dkt. 2. On March 28, 2017, a Certified Process Server served Kashmir's registered agent, Gurdeep Singh, with a true copy of the summons by in-person delivery. Dkt. 8, Ex. A. at 4. Kashmir did not file an answer or otherwise defend the suit.

On August 2, 2017, Anders filed the instant motion, seeking a default judgment against Kashmir for $6,939.21 plus interest. Dkt. 8 at 3. Anders alleges that amount represents unliquidated damages of $3,112.20 (for unpaid overtime and unpaid standard time), liquidated damages of $3,112.20, and costs of $715.11. *Id.* at 2. Anders will seek attorneys' fees via a separate motion after the default judgment has been entered. *Id.* at 3. Anders served the motion via certified mail return receipt requested. Dkt. 9. Kashmir has not responded. The motion is now ripe for disposition.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule 55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages;

2

(C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

A default judgment is a "drastic remedy, not favored by the Federal Rules[,] and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Id.* A default judgment, thus, "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The well-pleaded allegations in the complaint are assumed to be true, except regarding damages. *Nishimatsu*, 515 F.2d at 1206; *see also United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). However, "the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

A court may not enter a default judgment against a minor or incompetent person unless the person is represented by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b). Additionally, a court may not enter a default judgment if the plaintiff does not file an affidavit regarding the defendant's military status. 50 App. U.S.C. § 521(1). If the defendant is in the military service, "the court may not enter a judgment until after the court appoints an attorney to represent the defendant." *Id.* § 521(2). Local Rule 5.5 requires that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)." S.D. Tex. L.R. 5.5.

## III. ANALYSIS

### A. Default Judgment

The court finds that Anders served the motion for default judgment on Kashmir via certified mail, return receipt requested, as required by the Local Rules. Dkt 9. Anders has also shown that Kashmir, a company, is not a minor or incompetent person and is not in the military. Dkt. 8, Ex. C at 2–4. Because Kashmir failed to plead or otherwise defend, Anders is entitled to a default judgment. Fed. R. Civ. P. 55(a), (b). Therefore, Anders's motion for default judgment is GRANTED.

### B. FLSA

The FLSA creates a cause of action for violations of the Act's overtime and minimum wage provisions. 29 U.S.C. § 216(b). The FLSA requires employers to pay overtime compensation to non-exempt employees for each hour worked beyond forty hours per week. 29 U.S.C. § 207(a)(1) (overtime provision). It also requires employers their employees who are engaged in commerce not less than $7.25 an hour. 29 U.S.C. § 206(a) (minimum wage provision).

To show a violation of either of those requirements, a plaintiff must allege that: (1) she was employed by the defendant; (2) her work involved interstate activity; and (3) she performed work for which she was undercompensated. *See e.g.*, *Coleman v. John Moore Servs., Inc.*, No. H-13-2090, 2014 WL 51290, at *1, *3 (S.D. Tex. Jan. 7, 2014) (Rosenthal, J.) (overtime violations). An employer that violates those provisions is liable for the affected employee's unpaid overtime pay or unpaid minimum wages as well as liquidated damages in the same amount. 29 U.S.C. § 216(b). Additionally, a plaintiff who succeeds on an FLSA claim is entitled to reasonable expenses and attorney's fees. *Id.*; *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir. 2010).

"A gap-time claim is one in which an employee has not worked 40 hours in a given week but seeks recovery of unpaid time worked, or in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid work under 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d. Cir. 2013). Gap-time claims are not actionable under the FLSA.[2] *Id.*; *see also Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 865 (S.D. Tex. 2014) (Hoyt, J); *cf. Monahan v. Cty. of Chesterfield*, 95 F.3d 1263, 1284 (4th Cir. 1996).

a. **Overtime**

The default judgment is supported by well-pleaded allegations as to Count I of Anders's complaint. Dkt. 1 at 7. Anders alleges that she was a nonexempt employee, that she regularly worked more than forty hours per week, and that she was not paid at the overtime rate for those hours. *Id.* at 1–3. Thus, Anders's complaint contains well-pleaded allegations that, taken as true, sufficiently support her claims that Kashmir violated section 207(a) of the FLSA by failing to pay her for her overtime hours. *See Coleman*, 2014 WL 51290, at *3.

Anders offers sufficient evidence to show that over eleven pay periods, Kashmir did not pay her for 191.33 hours of overtime, totaling $2,295.96.[3] Dkt. 8, Ex. E. As a result, Anders has shown

---

[2]The Fifth Circuit has not addressed whether the FLSA gives rise to a gap-time claim. *Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 865 (S.D. Tex. 2014) (Hoyt, J). The Second Circuit determined that it does not. *Lundy*, 711 F.3d at 116–17 ("the FLSA does not provide for a gap-time claim even when an employee has worked overtime."). But, the Fourth Circuit "may allow such claims to a limited extent." *Id.* (discussing *Monahan*, 95 F.3d at 1284). Several district courts in this circuit have followed the Fourth Circuit. *See Carman*, 37 F. Supp. 3d at 865 (citing cases). However, at least one court in this district was persuaded by the Second Circuit's reasoning. *See id.* (following *Lundy*, 711 F.3d at 116–17). As is this court. Accordingly, in the absence of guidance from the Fifth Circuit, this court holds that gap-time claims are not actionable under the FLSA.

[3]Anders's spreadsheet lists a total of 200.7 hours of unpaid overtime. Dkt. 8, Ex. E at 4. However, Anders can only recover for 191.33 hours of unpaid overtime because that is the amount of hours actually supported by the spreadsheet. *Id.*

that Kashmir is liable to her for unliquidated damages of $2,295.96 and liquidated damages of $2,295.96. *See* 29 U.S.C. § 216(b). Anders is also entitled to reasonable expenses and attorney's fees. *Id.*; *Gagnon*, 607 F.3d at 1043.

### b. Gap-time

Although Anders alleges that Kashmir failed to pay her for standard time, she cannot recover those damages in this case because the FLSA does not create a gap-time claim. The court construes Anders's complaint and evidence as attempts to support such a claim. *See* Dkt. 1 at 4; Dkt. 8, Ex. E at 4. The complaint alleges that "Defendant does not accurately track the time worked by its Store Clerks when they start their shifts early or end their shifts late. Instead, Defendant rounds to the next or previous full hour to determine the hours worked . . . resulting in off-the-clock time worked." Dkt. 1 at 4.

In addition, the evidence attached to the instant motion—namely, a spreadsheet—calculates Anders's unliquidated and liquidated damages by including gap-time (or standard hours). Dkt. 8, Ex. E at 4. Specifically, Anders lists two totals: a "[w]ages owed" figure of $3,112.20 and a "[l]iquidated" figure for the same amount. *Id.*

The spreadsheet tracks the amount of "unpaid std hrs." *Id.* It also tracks "[s]traight wages owed." *Id.* To get to that figure, Anders multiplied "unpaid std[.] hrs[.]" and a rate of eight dollars per hour. *See id.* The spreadsheet shows that over nine pay periods, Kashmir did not pay Anders for eighty-eight hours of gap time, totaling $704. *Id.* The only conclusion that follows is that Anders added that figure to "[o]vertime wages owed" (the product of "unpaid overtime hrs[.]") and a rate of twelve dollars per hour) to reach "wages owed" (and "liquidated" damages in the same amount). *Id.*

However, because under the FLSA Anders can only recover for unpaid minimum wages or

unpaid overtime, she cannot recover for gap-time. *Compare Lundy*, 711 F.3d at 115, *with* Dkt. 1 at 4; Dkt. 8, Ex. E at 4. The court has already determined that Anders can recover her unpaid overtime pay. *See supra* Section III(B)(a). Aside from that, Anders only alleges that Kashmir did not pay her at her standard rate, not that it failed to pay her the minimum wage. *See id.* Because this is a gap-time claim and such claims are not actionable under the FLSA, Anders cannot recover for those hours. *See Lundy*, 711 F.3d at 115. Accordingly, the court excludes "straight wages owed" from Anders's total "wages owed" figure and its accompanying, identical "liquidated" figure.[4] *See* Dkt. 8, Ex. E at 4.

## IV. Conclusion

Anders's motion for default judgment (Dkt. 8) is GRANTED. Therefore, the court AWARDS Anders:

(1) judgment in the amount of $4,591.92;

(2) post-judgment interest;

(3) reasonable attorney's fees and costs;[5] and

(4) all costs of court as provided by law.[6]

---

[4] If a gap-time claim were actionable, adding gap-time ($704) and overtime ($2,295.96) together would yield a total of $2,999.96 for liquidated damages and an equal amount in liquidated damages. *See* 29 U.S.C. § 216(b).

[5] The court ORDERS Anders to seek attorney's fees by filing a separate motion within thirty days after this default judgment has been entered. *See* Dkt. 8 at 3.

[6] Anders seeks costs. Dkt. 8 at 3. The court ORDERS Anders to file a Bill of Costs.

Signed at Houston, Texas on December 18, 2017.

_____
Gray H. Miller
United States District Judge