**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **AQUINO ANDERS, on behalf of herself** | § | |
| **and others similarly situated,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:17-cv-00453** |
| | § | |
| **KASHMIR ROAD LINES, LLC,** | § | **JURY TRIAL REQUESTED** |
| | § | |
| *Defendant.* | § | |
| | § | |

**MOTION FOR ATTORNEYS' FEES AND**
**MOTION TO AMEND THE FINAL JUDGMENT**

      Plaintiff sued Defendant for failing to pay her wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. On December 18, 2017, this honorable Court granted Plaintiff's Motion for Default Judgment, awarding a judgment in the amount of $4,591.92; post-judgment interest; reasonable attorney's fees and costs; and all costs of court as provided by law. The Court also entered a final judgment ordering the Defendant to pay these amounts to the Plaintiff. The Plaintiff submits this brief in support of her motion for Attorney's Fees and Motion to Reopen Final Judgment.

**PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS**

      Prevailing plaintiffs are entitled to an award of reasonable attorneys' fees. 29 U.S.C. § 216(b). In fact, the award of reasonable attorneys' fees to a prevailing plaintiff is ***mandatory*** in an FLSA case. *Id.* (the Court "***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant" (emphasis added)); *see also Graham v. Henegar,* 650 F.2d 732, 736 n. 8 (5th Cir. 1981) ("this Court has held that an

award of attorney's fees to a prevailing plaintiff in an FLSA suit is mandatory."). This is true regardless of the size of the plaintiffs' recovery. *Carrasco v. Texas Trans. Instit.,* 908 S.W.2d 575, 580 (Tex. App.–Waco 1995) (FLSA action) (citing *Lee v. Coahoma County, Miss,* 937 F.2d 220, 227 (5th Cir. 1991); *Fegley v. Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994)). Given the nature of overtime claims in FLSA actions, it is not uncommon that attorneys' fees requests exceed the amount of a plaintiff's recovery in the case. *See Prater v. Commerce Equities Management Co., Inc*., 2008 WL 5140045, at *3 (S.D. Tex. Dec. 8, 2008) (citing *Powell v. Carey Intern*., Inc., 547 F.Supp.2d 1281, 1286 (S.D. Fla. 2008)).

Moreover, the purpose of the FLSA attorney fee provision is "to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley,* 19 F.3d at 1134. Thus, it is improper for a court to place undue emphasis on the amount of the plaintiffs' recovery in determining the amount of the fee award because an award of attorney fees "encourage[s] the vindication of congressionally identified policies and rights." *Id.* at 1134-35.

To promote this goal and ensure that employees of modest means (such as Plaintiff) are not denied their federal right to overtime pay, many courts have awarded considerable attorneys' fee awards even where the plaintiffs' recovery is comparatively small. *See Lucio-Cantu v. Vela,* 239 Fed. Appx. 866, 868-69 (5th Cir. 2007) (per curiam) (awarding $51,750 in fees for obtaining $9,393.58 in FLSA action); *Young v. Sea Horse Venture IV, LLC*, 2009 WL 614823, at *1 (N.D. Tex. Mar. 10, 2009) (J. Lynn) (awarding $44,965.25 in fees for recovering $16,402.62 in FLSA action); *see also Rivera v. Riverside*, 763 F.2d 1580, 1581-83 (9th Cir. 1985) (awarding $245,456.25 in fees for obtaining a $33,350.00 judgment); *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (awarding $160,000 in fees for obtaining a $33,000 judgment);

*Morris v. Eversley*, 343 F.Supp.2d 234, 248 (S.D. N.Y.2004) (awarding reasonable attorneys' fees of $154,900 where plaintiff was awarded $16,000 in damages).  Here, Plaintiffs' attorneys' fees total $8,718.75 Moussa Declaration ¶8, Ex. A.  Under the above cited case law, such an amount is entirely proper.

### STANDARD FOR ATTORNEYS' FEES

The Fifth Circuit employs the lodestar method for determining the reasonableness of attorneys' fees in FLSA actions.  *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.  *Id*.  While the court may then increase or decrease the lodestar based on the 12 factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974), the Fifth Circuit has recognized that the lodestar is presumptively reasonable and should be disturbed only in exceptional cases.  *Saizan v. Delta Concrete Products Co*., 448 F.3d 795, 800 (5th Cir. 2006).

The *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Of the 12 *Johnson* factors, the Fifth Circuit has recognized that courts should give special heed to time and labor involved, the customary fee, the amount involved and the result obtained,

and the experience, reputation and ability of counsel.  *Saizan*, 448 F.3d at 800 (citing *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998)).

*Time and Labor Involved*

In this action, Plaintiffs' application for attorney's fees is reasonable.  Plaintiffs' counsel's time records for this action are attached as Exhibit B.  These records document the time and labor actually expended in this case.  Moussa Decl. at ¶ 5, Ex. A.  As these records reflect, Plaintiffs' counsel has exercised billing judgment. *Id*.  The time records also omit hours that may have been unproductive, redundant, or excessive. *Id*.

Plaintiffs' counsel dedicated a total of 23.25 hours to this action.  *See* Moussa Decl. at ¶ 8, Ex. A.  Plaintiffs respectfully submit that these records provide a reasonable basis for the Court to ascertain the nature and extent of the services provided.

*Customary Fee and Experience, Reputation and Ability of Counsel*

In addition, Ms. Moussa's declaration details the normal and customary rates charged by Plaintiffs' attorneys.  *See* Moussa Decl. at ¶ 6, 7.  Ex. A.  Plaintiffs request a reasonable hourly rate of $375 per hour for Ms. Moussa and Ms. Chandler's time.  *Id*.

In addition, the requested hourly rate is consistent with the rates charged by other employees' rights lawyers of comparable experience, reputation and ability in the Dallas area who practice FLSA wage and hour law. *See* Moussa Decl, ¶ 7, Ex. A.

*Whether the Fee is Fixed or Contingent*

Plaintiffs' counsel undertook this matter on a contingency fee basis, assuming all risk of loss associated therewith. *See* Moussa Decl. at ¶ 10, Ex. A; s*ee also Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) (en banc) ("Lawyers who are to be compensated only in the event of

4

victory expect and are entitled to be paid more when successful from those who are assured compensation, regardless of result.").

*Desirability of Case, Length of Professional Relationship, Amount Involved,*
*Results Obtained, and Preclusion of Other Employment*

Plaintiffs' counsel accepted this case even though some might have considered it "undesirable" because: (1) Plaintiff has relatively small claims relative to those cases frequently litigated in federal court; (2) Plaintiff has modest financial means and could not contribute even out-of-pocket expenses incurred in connection with the action; and (3) there is little or no prospect for any continuing profitable attorney-client relationship between the Plaintiff and her counsel.

Plaintiffs' counsel accepted the case because of the important principle of vindicating Plaintiffs' statutory right to overtime pay which attaches regardless of whether a litigant earns a large wage or a small one. *See* Moussa Decl. at ¶ 11, Ex. A. Moreover, while the amount in controversy may be small relative to other actions before the Court, the importance of the case to the Plaintiffs cannot be overstated. *Id*. The outcome achieved, therefore, is significant.

By accepting Plaintiffs' case, Plaintiffs' counsel was precluded from accepting other employment. *See* Moussa Decl. at ¶ 12, Ex. A. If Plaintiffs' counsel had not expended his time and resources on this case, he would have devoted his time and resources to other cases and compensable work. *Id.* Counsel has forgone the opportunity to perform other work for clients that would likely have paid far more quickly and profitably. *Id*.

*Other Factors*

There is a "strong presumption" that the lodestar amount is reasonable. *Saizan v. Delta Concrete Products Co*., 448 F.3d 795, 800 (5th Cir. 2006). In this case, neither an increase, nor a

5

decrease, is warranted because Plaintiffs' fee request is consistent with the Fifth Circuit's guidance on proportionality.

In *Saizan*, the Fifth Court stressed that "there is no *per se* proportionality rule" when determining a reasonable fee relative to a plaintiff's recovery. 448 F.3d at 802.  Nevertheless, the Fifth Circuit observed that it previously reversed an award of attorney's fees where the plaintiff's prayer sought twenty-six times the damages actually awarded and the resultant fee award was over six and one-half times the amount of damages awarded.  *Id.* (citing *Migis v. Pearle Vision*, 135 F.3d 1041, 1048 (5th Cir. 1998)).  Since *Saizan*, the Fifth Circuit has affirmed the award of an attorney's fee application in an FLSA action that was five and one-half times the amount of the plaintiffs' recovery.  *See Lucio-Cantu v. Vela,* 239 Fed. Appx. 866, 868-69 (5th Cir. 2007) (per curiam).

In light of the quality and efficiency of the legal services provided, the customary rates for these services, the time expended in performing these services, the contingency fee basis of the representation, the preclusion of other employment due to the case, the success achieved, Plaintiffs' counsel's experience, reputation and ability, Plaintiffs' counsel's billing judgment, the case's relative undesirability, and the fact that Plaintiffs' lodestar is in line with the *Lucio-Cantu* proportionality benchmark, the requested award of $8,718.75 in attorney's fees is reasonable without modification.

**REQUEST TO AMEND THE FINAL JUDGMENT**

The Court's Final Judgment (Dkt. No. 11) does not include an amount for attorneys' fees, or for costs (that will be billed under a separate Bill of Costs.)  The Plaintiff therefore respectfully request that the Court amend the Final Judgment to include attorneys' fees in the amount of $8,718.75 and costs in the amount of $802.64 as detailed in the filed Bill of Costs.

January 10, 2018                                    Respectfully submitted,

                                                   By: */s/ Charles W. Branham, III*
                                                         Charles W. Branham, III
                                                         Texas Bar No. 24012323
                                                         Rachel C. Moussa
                                                         Texas Bar No. 24070404
                                                         DEAN OMAR & BRANHAM, LLP
                                                         302 N. Market Street, Suite 300
                                                         Dallas, Texas 75202
                                                         214-722-5990
                                                         214-722-5991 (fax)
                                                         tbranham@dobllp.com
                                                         rmoussa@dobllp.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was filed via the

Court's CM/ECF Filing System on January 10, 2018, and served by electronic mail, facsimile,

U.S. mail and/or certified mail, to the Defendant's registered agent as follows:

Kashmir Road Lines, LLC
c/o Gurdeep Singh
13002 Brayton Ct.
Houston, Texas 77065

                                                   */s/ Charles W. Branham, III*
                                                   Charles W. Branham, III